IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL GONZALEZ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-24-2630 |
| UNITED STATES, et al, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant the United States' Motion to Dismiss (ECF No. 14) and self-represented Plaintiff Daniel Gonzalez's Motion to Request an Investigation (ECF No. 17). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant the Motion to Dismiss and will deny the Motion to Request an Investigation.

### I.   BACKGROUND[1]

On September 11, 2024, Gonzalez filed a Complaint against the United States and "any and all unknown defendants." (Compl. at 1, ECF No. 1).[2] Gonzalez alleges that the Government negligently awarded a visa for entry into the United States to his ex-spouse in disregard of her purported prior criminal activity. (Id. ¶¶ 24–27, 39–59). Gonzalez and his

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).
[2] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

spouse were married from January 12, 2007 until their divorce on October 18, 2019. (Id. ¶ 26). Gonzalez and his ex-spouse have a minor child. (Id. ¶¶ 22, 29–30). Gonzalez claims that his then-spouse left the United States for Indonesia on March 1, 2008. (Id. ¶ 26). While in Indonesia, Gonzalez's then-spouse purportedly conspired with her new partner to extort and harass Gonzalez in an attempt to force Gonzalez to divorce his ex-spouse, including by calling child protective services on Gonzalez. (Id. ¶¶ 27–29). Gonzalez filed a criminal complaint against his ex-spouse and her new partner for harassment in Baltimore City, and both parties were formally charged. (Id. ¶¶ 36–37). Gonzalez alleges that his ex-spouse later filed a Violence Against Women Act Petition to enter the United States without his knowledge. (Id. ¶¶ 24–25). Gonzalez complains that the United States Citizenship and Immigration Services ("USCIS") and the United States Embassy in Indonesia failed to properly investigative his ex-spouse and negligently, fraudulently, and otherwise tortiously awarded her a visa for entry into the United States. (Id. ¶¶ 39–59). Gonzalez seeks compensatory damages for emotional distress. (Id. ¶¶ 60–62).

Gonzalez initially purported to bring the claims on behalf of himself and his minor child. (Id. ¶ 22). The Court dismissed the Complaint without prejudice as to the minor child. (Sept. 18, 2024 Order at 1–3, ECF No. 5). The Government filed a Motion to Dismiss on January 7, 2025. (ECF No. 14). Gonzalez filed an Opposition on February 5, 2025, (ECF No. 16), and the Government filed a Reply on March 5, 2025, (ECF No. 21). Gonzalez filed a "Response to Defendants' Opposition to Plaintiffs' Answer," which the

2

Court construes as a Surreply, on March 6, 2025. (ECF No. 24).³ Gonzalez filed a Motion to Request an Investigation on February 5, 2025. (ECF No. 17). The Government filed an Opposition to that Motion on March 6, 2025, (ECF No. 22), and Gonzalez filed a Reply that same day, (ECF No. 23).

## II.   DISCUSSION

### A.   Standard of Review

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it

---

³ Though surreplies are generally not permitted, see Local Rule 105.2(a), the Court in its discretion may allow a party to file a surreply. EEOC v. Freeman, 961 F.Supp.2d 783, 801 (D.Md. 2013), aff'd in part, 778 F.3d 463 (4th Cir. 2015). This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs. See Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003), aff'd, 85 F.App'x 960 (4th Cir. 2004). However, courts have also used this discretion to permit self-represented parties to file surreplies even where no new matters were raised in the reply brief. See Williams v. Bartee, No. CCB-10-935, 2011 WL 2842367, at *2 (D.Md. July 14, 2011) (permitting pro se party to file surreply that does not address new material but also does not "unduly prejudice defendants"), aff'd sub nom. Williams v. Merritt, 469 F.App'x 270 (4th Cir. 2012). Although the Government did not raise new arguments in its Reply, the Court will construe Gonzalez's "Response to Defendants' Opposition to Plaintiffs' Answer" (ECF No. 24) as a Motion for Leave to File a Surreply, which it will grant due to his pro se status and because his proposed Surreply contains brief, reasonable arguments to address the issues raised by the Government. Further, the Court finds that because the arguments contained in his Surreply do not change the outcome of its analysis below, the Government will not be unduly prejudiced by them. Accordingly, the Court considers Gonzalez's Surreply below.

does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle

v. Gamble, 429 U.S. 97, 106 (1976)); see Spencer v. Earley, 278 F.App'x 254, 259–60 (4th Cir. 2008) ("Dismissal of a pro se complaint . . . for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972))). Nonetheless, "liberal construction does not absolve Plaintiff from pleading a plausible claim." Desgraviers v. PF Frederick, LLC, 501 F.Supp.3d 348, 351 (D.Md. 2020) (quoting Bey v. Shapiro Brown & Alt, LLP, 997 F.Supp.2d 310, 314 (D.Md. 2014)).

**B.     Legal Background**

The Immigration and Nationality Act ("INA") provides a path for immigration for certain relatives of United States citizens and lawful permanent residents. 8 U.S.C. § 1101 et seq. This process invites the risk that a non-citizen victim of domestic abuse may depend on their abusive spouse to achieve legal permanent residence. The Violence Against Women Act of 1994 ("VAWA") and its amendments address this risk by allowing non-citizens to petition for legal permanent residence on their own behalf if they have been subject to battery or extreme cruelty in their marriage. See 8 U.S.C. §§ 1154(a)(1)(A)(iii),1154(a)(1)(B)(ii). By statute, the Government may not disclose "any information which relates to an alien who is the beneficiary of an application for relief" through VAWA, meaning the alleged abuser cannot be informed of a pending VAWA petition or its approval. 8 U.S.C. § 1367.

**C.     Analysis**

The Government argues that Gonzalez's various tort claims of negligence and tortious interference are barred under the Federal Tort Claims Act ("FTCA") or otherwise must be dismissed for failure to exhaust administrative remedies and for failure to state a claim. (Mem. Supp. Mot. Dismiss ["Mot."] at 4, ECF No. 14-1). The Court agrees.[4]

**1. Failure to Exhaust Administrative Remedies**

In suits against the federal government, the doctrine of sovereign immunity protects the United States from liability, except where it has expressly waived its immunity to suit. Loeffler v. Frank, 486 U.S. 549, 554 (1988). The FTCA "waived the sovereign immunity of the United States for certain torts committed by federal employees." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "Being a waiver of sovereign immunity, the FTCA is strictly construed, and all ambiguities are resolved in favor of the United States." Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995).

A tort action against the United States "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

---

[4] Gonzalez's Opposition also purports to bring Bivens claims. 403 U.S. 388 (1971), (Mem. Supp. Opp'n Mot. Dismiss ["Opp'n"] at 2, ECF No. 16-1). Plaintiffs cannot amend the Complaint with new causes of action raised in their Opposition. See Mylan Labs., Inc. v. Akzo, N.V., 770 F.Supp. 1053, 1068 (D.Md. 1991) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). Consequently, the Court will not consider these claims. Even if the Court were to consider these claims, Bivens claims can only be brought against federal government employees in their individual capacities, see Radin v. United States, 699 F.2d 681, 684–85 (4th Cir. 1983). No individual is named in the Complaint, so any Bivens claim would fail.

28 U.S.C. § 2675(a). The "requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986); see also McNeil v. United States, 508 U.S. 106, 113 (1993). The tort claim must be filed at the appropriate federal agency within two years after the claim accrues otherwise the tort action is "forever barred." 28 U.S.C. § 2401(b).

Here, Gonzalez's tort claims must be dismissed for failure to exhaust administrative remedies. While Gonzalez alleges that "a form of claim" was sent to USCIS on July 22, 2022, Gonzalez has not alleged the timing of the allegedly tortious conduct by the Government. (Compl. ¶ 2). Without that information, the Court cannot determine that he timely presented the claim to the appropriate federal agency and thus cannot determine if Gonzalez exhausted his administrative remedies. See Carter v. McKain, 94 F.App'x 844 (D.C. Cir. 2004).

### 2. FTCA Sovereign Immunity

Gonzalez's claims must also be dismissed because the Government has not waived sovereign immunity for the claims at issue. The FTCA only waives sovereign immunity for torts committed by its employees "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In other words, a tort claim against the Government may only be brought where the alleged tortious conduct of the government would give rise to a cause of action against an individual if that individual engaged in the same conduct. See Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995).

Here, Gonzalez alleges that the Government negligently and tortiously granted his ex-spouse's VAWA petition. Gonzalez does not attempt to identify, nor can he identify, "any cause of action by which a private individual may be held liable for the alleged conduct." Hall v. United States, No. CCB-13-3766, 2014 WL 2174718, at *3 (D.Md. May 23, 2014); cf. Figueroa v. United States, 739 F.Supp.2d 138, 142 (E.D.N.Y. 2010) (finding that because there is no private law analog, negligent issuance of a passport cannot form the basis for an FTCA claim); Akutowicz v. United States, 859 F.2d 1122, 1125 (2d Cir. 1988) (finding that there is no private law analogue for allegedly negligent conduct in adjudicating loss of citizenship because "no private citizen is empowered to certify the loss of American nationality"). Where there is no private law analog to the claim asserted against the Government, sovereign immunity is not waived, and tort claims under the FTCA are barred. Accordingly, Gonzalez's claims must be dismissed. The dismissal will be with prejudice because amendment would be futile.

Further, to the extent Gonzalez alleges that the Government acted tortiously, either intentionally or negligently, in failing to disclose the existence of his ex-spouse's VAWA petition to him, those claims must fail. USCIS is statutorily barred from disclosing the existence of a VAWA petition. See 8 U.S.C. § 1367. Here, the Government was complying with statutory requirements, not acting wrongfully. Gonzalez's disagreements with the policy of VAWA are political questions that must be addressed by the legislative and

executive branches and are not subject to judicial review. See Fiallo v. Bell, 430 U.S. 787, 796 (1977). [5]

### III.   CONCLUSION

For the foregoing reasons, the Court will grant the Government's Motion to Dismiss (ECF No. 14) and will dismiss Gonzalez's complaint with prejudice. The Court will deny Gonzalez's Motion to Request an Investigation (ECF No. 17) as moot. A separate Order follows.

Entered this 8th day of April, 2025.

/s/
George L. Russell, III
Chief United States District Judge

---

[5] Gonzalez also filed a Motion requesting that the Court "order an investigation by the appropriate authorities based on constitutional and civil rights violations which occurred . . . along with the crimes of wire tapping[,] extortion and visa fraud in this case. (Mot. Request Investigation at 1, ECF No. 17). Because the Motion to Dismiss will be granted, the Motion to Request Investigation will be denied as moot.